**ORIGINAL**

### In the United States Court of Federal Claims

No. 14-1236 C
(Filed August 20, 2015)

**FILED**

**AUG 2 0 2015**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * ** | * |
| ANTONIO JOHNSON, | * |
| | * |
| *Pro Se Plaintiff,* | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| *Defendant.* | * |
| * * * * * * * * * * * * | * |

Military Pay and Disability
Retirement Claims; Accrual of
Claims.

*Antonio Johnson*, Lagrange, KY, *pro se*.

*Antonia R. Soares*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Martin F. Hockey, Jr.*, Assistant Director, Washington, DC, for defendant. *Captain Christopher J. Koschnitzky*, United States Army Legal Services Agency, Fort Belvoir, VA, of counsel.

-------

## OPINION AND ORDER

-------

**Bush**, *Senior Judge*.

This military pay and disability retirement benefits case is before the court on defendant's motion to dismiss filed under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).  Defendant's motion has been

fully briefed and is ripe for decision.[1]  For the reasons stated below, defendant's motion is granted in part and denied in part.

**BACKGROUND**[2]

## I.    Overview of Claims

The *pro se* complaint filed in this case contains two overarching claims. First, plaintiff requests relief related to his involuntary discharge from the United States Army in 1988.  These requests for relief, as far as can be discerned from the somewhat jumbled presentation of factual allegations and legal theories in the complaint, include demands that certain disciplinary documents be expunged from plaintiff's service record, that he be restored to his former "rank of E-4," and that he receive a commensurate award of back pay for his service from June 14, 1988 to December 13, 1988. Compl. at 10.  Plaintiff also asserts that his discharge in 1988 was void because it was illegal. *Id.* at 4-5.  The court refers to any and all of plaintiff's legal and equitable claims related to the circumstances of the Army's disciplinary actions and the subsequent administrative discharge of Mr. Johnson as his "wrongful discharge" claim.

The complaint then presents a different claim which, like the wrongful discharge claim, focuses on 1988 and the circumstances surrounding the termination of Mr. Johnson's service in the Army.  In this claim, however, plaintiff asserts that he should have been discharged for medical reasons, not disciplinary reasons.  The relief requested for this claim is variously stated in the complaint but may be succinctly summarized as a demand for "physical disability retirement with

---

[1]/  The court has before it:  (1) the complaint, which includes an appendix of exhibits; (2) defendant's motion to dismiss, which also includes an appendix; (3) plaintiff's response brief; (4) defendant's reply brief; and, (5) plaintiff's "Motion for Leave to Grant Plaintiff Relief," filed June 1, 2015, which the court deems to be plaintiff's sur-reply brief.  Defendant reproduces the complaint exhibits in its own appendix. *See* Def.'s Mot. at 1 n.1; Def.'s App. at 1-145.  For these documents the court cites to defendant's appendix because its index and pagination are less confusing, and also because defendant's appendix is available to the public after having been redacted to protect plaintiff's confidential information pursuant to RCFC 5.2.

[2]/  The facts upon which the parties rely are undisputed unless otherwise noted.  The court makes no findings of fact in this opinion other than to determine its jurisdiction over this suit.

2

pay as a sergeant E-5." Compl. at 23.  The court refers to any and all of plaintiff's legal and equitable claims related to his medical evaluation by the Army and his alleged service-connected disabilities as his "disability retirement" claim.

## II.    Factual History

Mr. Johnson joined the Army on January 29, 1980.  Compl. at 3.  He achieved the rank of sergeant (E-5).  Def.'s App. at 103.  In 1988 plaintiff still had approximately three years left on an enlistment contract when disciplinary actions were taken against him; these actions resulted in two reductions in rank, from E-5 to E-4, and then from E-4 to private (E-1).  Compl. at 4; Def.'s App. at 105.  Mr. Johnson was then discharged on December 13, 1988 with a notation of "Misconduct – Commission of a Serious Offense" on his discharge papers, Def.'s App. at 1, and received a general discharge under honorable conditions, Compl. at 4.  The court reserves further examination of the facts of Mr. Johnson's discharge for the analysis section of this opinion.

## III.   Procedural History

According to the complaint exhibits, as supplemented by defendant's motion and accompanying exhibits, Mr. Johnson initiated several attempts to appeal his discharge once he was forced to leave the Army.  None of these attempts was successful.  According to defendant's motion, Mr. Johnson's efforts to appeal his discharge proceeded through several fora, including this court in 2001:

> Beginning with the filing of a complaint in this Court in
> 2001 and then by filing applications with the Army
> Discharge Review Board (ADRB) in 2002 and the Army
> Board [for] Correction [of] Military Records (ABCMR
> or board) in 2003, Mr. Johnson has asserted that he was
> wrongfully discharged from the Army in 1988, and that
> he deserved various corrections to his military records.

Def.'s Mot. at 2 (footnotes and citations omitted).  In this court, Mr. Johnson's suit was dismissed because he contested his discharge twelve years after the claim accrued, exceeding this court's six-year statute of limitations provided by 28

U.S.C. § 2501 (2012).  *See Johnson v. United States*, No. 01-18C, slip op. at 4-6 (Fed. Cl. May 31, 2001) (*Johnson I*); *see also* Def.'s App. at 182-84.

After this unsuccessful "first round" of wrongful discharge claims and applications for relief, Mr. Johnson returned to the ABCMR in 2013.  According to the government,

> [o]ver ten years after Mr. Johnson filed his initial
> ABCMR application, in September 2013[] Mr. Johnson
> filed another application with the ABCMR, asserting the
> same claims as before, but this time also asserting that he
> should have received military disability benefits at the
> time of his discharge in 1988.

Def.'s Mot. at 2 (citing Def.'s App. at 90-92).  Mr. Johnson's recent application for relief from the ABCMR eventually included four letters sent to the board (dated September 25, 2013, July 25, 2014, August 1, 2014 and August 15, 2014) as well as numerous exhibits provided by plaintiff.  *See* Def.'s App. at 102.

All of Mr. Johnson's requests for relief were denied by the board on October 7, 2014.  Plaintiff appealed the ABCMR's decision by filing a complaint in this court on December 24, 2014.  Indeed, Mr. Johnson named the ABCMR as the defendant in this suit.  *See* Compl. at 1.  Because the only proper defendant in this court is the United States, Mr. Johnson's claims must be viewed as directed against the United States.[3]  In its motion to dismiss, the government asserts that the claims in the complaint are untimely.

## DISCUSSION

### I.     Standards of Review

#### A.     *Pro Se* Litigants

The court acknowledges that Mr. Johnson is proceeding *pro se* and is

---

[3]/  Subsequent filings by Mr. Johnson have correctly listed the United States as the defendant in this suit.

therefore "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined the complaint, plaintiff's response brief and his sur-reply brief and has attempted to discern all of plaintiff's legal arguments.

### B.   RCFC 12(b)(1)

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, including jurisdictional timeliness. *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). To meet this burden, plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds*, 846 F.2d at 748 (citations omitted).

## II.   Analysis

### A.   Wrongful Discharge Claim

The complaint asserts that Mr. Johnson was wrongfully discharged by the Army in 1988. It appears that at least one aspect of his discharge involved an allegation that Mr. Johnson was apprehended by civilian authorities for driving under the influence of alcohol. Compl. at 10-12. Other allegations mentioned in the complaint include Mr. Johnson's involvement with a military vehicle accident and absenting himself from duty without leave. *Id.* at 14-15. Plaintiff argues that his discharge was illegal for a number of reasons, such as: (1) the facts did not support the allegations against him; (2) he was subjected to unconstitutional double jeopardy; and (3) there were regulatory improprieties in the procedures used to discharge him from the Army. *Id.* at 9-12. The relief Mr. Johnson

requests for his wrongful discharge claim, although the complaint is somewhat difficult to decipher on this point, includes "E-4 back pay with daily compound interest . . . from June 14, 1988 to [the present] day." *Id.* at 11.

The court cannot reach the merits of plaintiff's wrongful discharge claim because it was filed too late. Military pay claims based on a theory of wrongful discharge accrue at the time of discharge. *Martinez v. United States*, 333 F.3d 1295, 1313-14 (Fed. Cir. 2003) (*en banc*). Any timely wrongful discharge claim, in this case, would necessarily have been filed before December 13, 1994, *i.e.*, within six years of Mr. Johnson's discharge from the Army. Because Mr. Johnson's complaint was filed December 24, 2014, twenty years after the six-year limitations period provided by 28 U.S.C. § 2501 had expired, this court lacks jurisdiction over his wrongful discharge claim. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134-35 (2008). The court notes that Mr. Johnson's previous wrongful discharge claim before this forum, *Johnson I*, was also dismissed on timeliness grounds. For these reasons, the wrongful discharge claim stated in the complaint must be dismissed.[4]

## B. Disability Retirement Claim

Mr. Johnson relies upon his Army medical records as support for his physical disability retirement benefits claim. Compl. at 17. Plaintiff argues that he was diagnosed with "over 30 thirty combine[d] injuries and diseases" during his eight years of service in the Army. *Id.* at 18. He concludes, therefore, that he should have received service-connected disability ratings related to his military service. Further, Mr. Johnson argues that it was a violation of regulation when no such disability findings were made by the Army at the time of his discharge. *Id.* at 20-21. In essence, plaintiff suggests that the Army was compelled by law and regulation to award him a disability retirement in 1988 rather than an administrative discharge. *See id.* at 21 ("If it was not for the illegal demotion and discharge, I would have been medical[ly] retired with pay of a sergeant E-5.").

Plaintiff argues that there is no statute of limitations bar to his disability retirement claim. Compl. at 23. The government disagrees. Def.'s Mot. at 16-18.

---

[4] Plaintiff concedes that this court's statute of limitations bars some of the back pay relief requested in the complaint. Pl.'s Resp. at 3-4.

As discussed below, plaintiff's disability retirement claim is not barred by this court's statute of limitations.

### 1.   General Accrual Rule for Disability Retirement Claims

In 2005, the United States Court of Appeals for the Federal Circuit issued *Chambers v. United States*, 417 F.3d 1218 (2005), its seminal decision on the accrual of military disability retirement claims. It is now well established that:

> Unlike claims for unlawful discharge, . . . claims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies such a claim or refuses to hear it.

*Id.* at 1224 (citations omitted). Here, the first claim submitted by Mr. Johnson for disability retirement pay was presented to the ABCMR in 2013 and denied in 2014. Pursuant to the precedential rule of law stated in *Chambers*, the disability retirement claim filed in this court in 2014 was filed well within this court's six-year statute of limitations.

### 2.   Exception to the General Accrual Rule for Disability Retirement Claims

The government notes that an exception exists to the general accrual rule provided in *Chambers*. The court reproduces here the government's formulation of this exception:

> A claim for medical disability benefits, however, will accrue on the date of discharge when a service member has knowledge of his medical condition at the time of discharge, and thus notice of the right to sue.

Def.'s Mot. at 16 (citing *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990); *Barney v. United States*, 57 Fed. Cl. 76, 85 n.3 (2003)). In *Chambers*, however, the Federal Circuit provided a somewhat more nuanced statement of the *Real* exception to the general rule for the accrual of disability retirement claims:

> *Real* did not fashion a rule, as the government suggests,
> that a service member's claim accrues when he learns of
> his disabling condition, whether before or after
> discharge. Indeed, such a rule would be untenable, given
> that a military board must determine eligibility for
> disability retirement before such a claim accrues. There
> can be no waiver of board review absent an opportunity
> for such review, as at discharge. Simply put, after
> discharge, a veteran has nothing to waive. The
> appropriate inquiry under *Real*, therefore, is *whether at
> the time of his separation from the Army . . . , [the
> plaintiff] knew that he was entitled to disability
> retirement due to a permanent disability that was not a
> result of his intentional misconduct and was
> service-connected.*

417 F.3d at 1226 (emphasis added). Thus, in this case, the question is whether Mr.
Johnson knew, in 1988, that "he was entitled to disability retirement due to a
permanent disability that was not a result of his intentional misconduct and was
service-connected." *Id.*

The Army determined that Mr. Johnson was not disabled and was medically
fit in 1988. Def.'s Mot. at 17; Def.'s App. at 68. As he was being processed for
separation, Mr. Johnson testified that "I have never stopped performing my duties
since [separation procedures were initiated]." Def.'s App. at 58. Although Mr.
Johnson did experience medical problems in 1988, and testified then that he had
"spots" on his lungs, his medical restrictions in 1988 were later characterized by
the ABCMR as temporary. *Id.* at 55, 105. Although plaintiff now claims that he
was permanently disabled in 1988, the record does not show that Mr. Johnson
knew, in 1988, that he was permanently disabled at that time.

The facts in this case are somewhat analogous to those discussed in
*Chambers*:

> We hold that the record is bereft of any evidence that
> Chambers possessed such knowledge [of a permanent
> disability]. The medical diagnoses Chambers received

8

prior to discharge – "transient stress reaction," "transient situational stress," and "mild situational anxiety" – all indicated that his condition was minor, temporary, and circumstantial.  Nothing in the record indicates that Chambers considered these diagnoses to be erroneous. Chambers also knew that he was returned to regular duty after his brief hospitalizations.  Thus, in 1970, he had no basis for concluding the Army erred in finding him fit for duty and hence suitable for discharge.  The *Real* exception does not apply.

417 F.3d at 1226-27.  The government nonetheless attempts to analogize the facts in this case to cases which pre-date *Chambers* and its precedential formulation of the *Real* exception to the general accrual rule for disability retirement claims. Def.'s Mot. at 16-18.  The court finds these cases to be inapposite because the crucial interpretation of the *Real* exception provided by *Chambers* did not yet exist.[5]

Since *Chambers* issued in 2005, this court has been reluctant to apply the *Real* exception when a service-member was found to be fit at the time of discharge and that service-member's medical records were inconclusive as to permanent disability.  *See, e.g., Colon v. United States*, 71 Fed. Cl. 473, 482 (2006) (holding that "Mr. Colon possessed insufficient knowledge that he suffered from a disability that made him eligible for disability retirement when he was discharged in 1975" (citing *Chambers*, 417 F.3d at 1226-27)); *Van Allen v. United States*, 70 Fed. Cl. 57, 63 (2006) (stating that "on the record before the court it cannot be concluded that, upon his separation, plaintiff possessed the level of knowledge required to cause a claim for disability retirement pay to accrue at that point, absent Board action or refusal to act").  Following *Chambers, Colon* and *Van Allen*, the court concludes that the *Real* exception does not apply here and that Mr.

---

[5] To the extent that defendant might argue that earlier precedent provides different guidance than the analysis of the *Real* exception presented in *Chambers*, the court notes that the Federal Circuit in *Chambers* considered two of the "analogous" cases relied upon by defendant in its motion.  *Chambers*, 417 F.3d at 1225-26 (citing *Miller v. United States*, 361 F.2d 245 (Ct. Cl. 1966); *Huffaker v. United States*, 2 Cl. Ct. 662 (1983)).  Following *Chambers*, this court must reject defendant's overbroad view of the *Real* exception to the general rule for the accrual of disability retirement claims.

Johnson's disability retirement claim first accrued in October 2014 when the ABCMR denied his claim and notified Mr. Johnson of the board's decision.[6] Because his claim accrued in October 2014 and his complaint before this court was filed in December 2014, Mr. Johnson's disability retirement claim is not barred by 28 U.S.C. § 2501.

## CONCLUSION

Plaintiff's wrongful discharge claim is barred by this court's statute of limitations. Plaintiff's disability retirement claim survives defendant's jurisdictional challenge. Mr. Johnson's disability retirement claim appears to be amenable to resolution on cross-motions for judgment on the administrative record.[7] For the foregoing reasons, it is hereby **ORDERED** that:

(1)     Defendant's Motion to Dismiss, filed April 24, 2015, is **GRANTED** in part as to

   (a)     Plaintiff's wrongful discharge claim, which is **DISMISSED** without prejudice for lack of subject matter jurisdiction;

---

[6]/ Defendant notes Mr. Johnson's mention of "service connected injuries that claim limited use of left arm" in a communication with the Army Discharge Review Board in 2002 and appears to suggest that this comment signals an alternative accrual date for any disability retirement claim. Def.'s Mot. at 18 (citing Def.'s App. at 73). The Federal Circuit in *Chambers*, however, expressly excluded post-discharge events from the *Real* exception to the general accrual rule. *See Chambers*, 417 F.3d at 1226 ("*Real* did not fashion a rule, as the government suggests, that a service member's claim accrues when he learns of his disabling condition, whether before or after discharge. . . . There can be no waiver of board review absent an opportunity for such review, as at discharge. Simply put, after discharge, a veteran has nothing to waive.").

[7]/ The government should include any motion to dismiss pursuant to RCFC 12(b)(6) in a combined brief along with its motion for judgment on the administrative record. Thus, the parties will be expected to file the following sequence of briefs: (1) defendant's motion for judgment on the administrative record, including any motion to dismiss pursuant to RCFC 12(b)(6); (2) plaintiff's cross-motion for judgment on the administrative record, including plaintiff's response to defendant's motion(s); (3) defendant's response/reply brief; and, (4) plaintiff's reply brief.

and **DENIED** in part as to

(b)    Plaintiff's disability retirement claim;

(2)    Defendant is directed to **FILE** an **Administrative Record** pursuant to RCFC 52.1, as well as the government's **Motion for Judgment on the Administrative Record**, on or before **October 20, 2015**; and

(3)    Subsequent briefing on the administrative record shall follow pursuant to the rules of this court.

LYNN J. BUSH
Senior Judge

11