**ORIGINAL**

In the United States Court of Federal Claims

No. 14-1236 C
(Filed March 10, 2016)

**FILED**

MAR 10 2016

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * *
ANTONIO JOHNSON,

      *Pro Se Plaintiff*,

v.

THE UNITED STATES,

      *Defendant*.

* * * * * * * * * * * * *

Disability Retirement Benefits; 10 U.S.C. § 1201 (2012); No Error in Decision of Military Records Correction Board.

*Antonio Johnson*, LaGrange, KY, *pro se*.

*Antonia R. Soares*, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Martin F. Hockey, Jr.*, Assistant Director, Washington, DC, for defendant. *Captain Christopher J. Koschnitzky*, United States Army Legal Services Agency, Fort Belvoir, VA, of counsel.

## OPINION

**Bush**, *Senior Judge*.

    This military disability retirement benefits case is before the court on cross-motions for judgment on the administrative record filed pursuant to Rule 52.1(c) of the Rules of the United States Court of Federal Claims (RCFC). The parties' motions have been fully briefed. For the reasons stated below, defendant's motion is granted and plaintiff's cross-motion is denied.

# BACKGROUND

## I. Overview of Complaint

The *pro se* complaint filed in this case focuses on Mr. Johnson's involuntary discharge from the United States Army in 1988 and the circumstances surrounding the termination of Mr. Johnson's service in the Army. In his military disability retirement claim, plaintiff asserts that he should have been separated from the service for medical reasons, not disciplinary reasons.[1] The relief requested for this claim is variously stated in the complaint but may be succinctly summarized as a demand for "physical disability retirement with pay as a sergeant E-5." Compl. at 23.

## II. Factual History

Mr. Johnson served in the Army from January 29, 1980 until his discharge on December 13, 1988. Administrative Record (AR) at 402. His certificate of discharge contained a notation of "Misconduct – Commission of a Serious Offense." *Id.* The only issue before the court is whether the Army Board for Correction of Military Records (ABCMR or Board) erred by not converting Mr. Johnson's involuntary discharge for disciplinary reasons into a disability retirement.

## III. Procedural History

Although Mr. Johnson contested the nature of his discharge for a number of years, it was only in 2013 that he submitted a disability retirement claim to the ABCMR.[2] In August and September of 2013 plaintiff sent letters to the ABCMR broaching the subject of his entitlement to disability retirement benefits, followed

---

[1] In a prior opinion, the court dismissed all claims in plaintiff's complaint, except his military disability retirement claim, for lack of subject matter jurisdiction. *Johnson v. United States*, 123 Fed. Cl. 174 (2015). Although plaintiff's briefs touch upon claims that were dismissed for lack of jurisdiction, the court's focus here is solely on his disability retirement claim.

[2] In a previous communication with the Army, Mr. Johnson had inquired as to how one would proceed with a "service connected injuries" claim. AR at 205.

by a formal application for the correction of his military records in this regard filed on November 14, 2013. AR Tabs 9-11. These initial submissions regarding plaintiff's claim for disability retirement benefits were supplemented by further communications from plaintiff in August of 2014. *Id.* Tabs 3-4. The ABCMR denied plaintiff's disability retirement claim in October 2014 and let stand Mr. Johnson's separation for disciplinary reasons and his general discharge "under honorable conditions." *Id.* 1-11, 402. Plaintiff's sole remaining claim in this suit, filed on December 24, 2014, is that this court should strike down the ABCMR's denial of his disability retirement claim because it is arbitrary and capricious. Compl. at 3; Pl.'s Mot. at 5.

## DISCUSSION

### I. Standards of Review

#### A. *Pro Se* Litigants

The court acknowledges that Mr. Johnson is proceeding *pro se* and is therefore "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has thoroughly examined the complaint and plaintiff's briefs and has attempted to discern all of plaintiff's legal arguments.

#### B. RCFC 52.1

RCFC 52.1 provides for judgment on the administrative record. To review a motion under RCFC 52.1, the court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record. *Bannum, Inc. v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005). The court must make fact findings where necessary. *Id.* The resolution of cross-motions filed under RCFC 52.1 is akin to an expedited trial on the paper record. *Id.*

#### C. Decisions of Correction Boards

The court does not review the issue before a board for correction of military records *de novo*; rather, this court "will not disturb the decision of the corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005) (citing *Haselrig v. United States*, 333 F.3d 1354, 1355 (Fed. Cir. 2003)). Plaintiff's burden is to show by "'cogent and clearly convincing evidence'" that the decision of the board fails this standard. *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986) (quoting *Dorl v. United States*, 200 Ct. Cl. 626, 633 (1973)). Plaintiff must also overcome the presumption of regularity which attaches to the actions of the ABCMR. *See Richey v. United States*, 322 F.3d 1317, 1326 (Fed. Cir. 2003) (noting "the presumption of regularity that attaches to all administrative decisions" of the United States (citing *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1338 (Fed. Cir. 2001))).

## II. Analysis

The court's task is to determine whether the ABCMR's decision not to correct Mr. Johnson's military records fails the standard of review described *supra*. It is important to distinguish this task from a *de novo* review of all of the evidence in the administrative record, as well as any additional documentary evidence provided by plaintiff, in order to determine whether Mr. Johnson was, in fact, disabled and eligible for military disability retirement benefits in 1988 pursuant to 10 U.S.C. § 1201 (2012).[3] *E.g., de Cicco v. United States*, 677 F.2d 66, 70 (Ct. Cl. 1982) (citations omitted). The court turns first to the retirement benefits claim presented by Mr. Johnson to the ABCMR.

### A. Claim of Entitlement to Disability Retirement Benefits

Mr. Johnson's first communication to the ABCMR regarding disability retirement benefits stated that at the time of his discharge he "was never inform[ed] [he] could file for disability retirement with pay [for] all [his] diseases and injuries incurred in the line of duty" while in the Army. AR at 114. Plaintiff's second letter stated in relevant part that

---

[3] The court has nevertheless carefully considered all of the documents included within the administrative record and the exhibits attached to plaintiff's briefs.

> I'm seeking for relief a . . . medical disability retirement pay discharge with a[n] over all combine[d] rating of 70 to 90 %[;] that I be granted medical disability retirement with the appropriate rank[; and,] that my medical disability retirement pay start[] on the date of this letter."

*Id.* at 112. A few weeks later Mr. Johnson submitted his formal application for relief on form DD 149 ("Application for Correction of Military Record"), dated November 14, 2013, to which he attached a lengthy narrative and a number of exhibits. *Id.* at 42-109.

Thirty-eight ailments are listed in Mr. Johnson's ABCMR application, including lower back pain, neck pain and strain, pleuritic chest pain, a finger scar, wheezing, hearing loss, lung scarring, fatigue, headaches, weakness, vertigo, shoulder pain, lower back muscle spasms, spine tenderness, upper lumbar region pain, a shoulder abrasion, head injury, chronic obstructive pulmonary disease, multifocal air trapping, pleuristic lung disease, pneumonitis disease, airway obstructive disease, coughing up blood, granulomatous disease, sarcoid disease, coccoides disease, blastomycosis disease, atelectasis disease, embolus disease, enlarged right hilar node, dizziness, shortness of breath, chronic interstitial lung disease, and lower back tenderness. AR at 48-50. Mr. Johnson assigned disabling percentage ratings to these ailments and estimated his disabling conditions on December 13, 1988 to qualify him as 100 % disabled.[4] *Id.* at 53, 58-59. Mr. Johnson also claimed that the diseases and injuries he received during active duty service were and are permanently disabling. *Id.* at 54.

On August 1, 2014, Mr. Johnson supplemented his disability retirement benefits claim with a letter stating that his benefits should be calculated at the E-5 rank, not at the E-1 rank he held at the time of his discharge. AR at 34. On August 15, 2014, plaintiff submitted a new form DD 149 with additional exhibit pages. *Id.* at 12-32. This submission included another narrative to accompany his claim, which stated that Mr. Johnson was injured during active duty and that he continues to suffer from these injuries today. *Id.* at 17.

---

[4]/ In one letter to the Army sent on January 7, 2014, Mr. Johnson stated that he believed his disability rating to be 190 %. AR at 40.

5

## B. ABCMR's Decision on Plaintiff's Retirement Benefits Claim

The ABCMR considered whether Mr. Johnson's records should be corrected to show that he was "medically retired with disability" on December 13, 1988. AR at 3. Among the records considered by the ABCMR were medical records in plaintiff's service file. Importantly, the following two factual findings of the Board were based on this documentary evidence:

> On 14 April, 1988, [Mr. Johnson] completed a separation physical and was found to be qualified for separation. On 15 April 1988, [Mr. Johnson] completed a mental status evaluation and was found to be mentally responsible and to have the mental capacity to understand and participate in board proceedings.

*Id.* at 6-7 (formatting removed). The Board acknowledged that during his years of service Mr. Johnson had received various medical evaluations, some of which had resulted in either temporary or permanent limitations on activities due to health problems. *Id.* at 5 (noting that in 1986 Mr. Johnson was evaluated as having a permanent health condition affecting his lower extremities due to lower back pain); 7 (noting that in June 1988 Mr. Johnson was temporarily restricted in physical activity due to chest or side pain). The Board did not view the evidence before it, however, to show that any probable error or injustice had occurred in Mr. Johnson's discharge.

Instead, the Board determined that Mr. Johnson, at the time of his separation, was correctly judged to be fit for duty and for separation:

> The applicant is not authorized a medical disability discharge or a medical disability retirement because he was considered medically and psychiatrically fit for military service and there is no evidence a medical condition contributed to the misconduct that preceded his discharge. Furthermore, he received a pre-separation medical evaluation that noted his mental status was within normal limits and he was medically qualified for separation. Additionally, there are no records to show he

> suffered from, was diagnosed with, or treated for an
> illness or injury that merited entry into [the Physical
> Disability Evaluation System].

AR at 11. In other words, after considering the documentary evidence in Mr. Johnson's service file, as well as the materials submitted by Mr. Johnson, the Board found no error in the Army's decision to discharge Mr. Johnson for disciplinary reasons rather than to retire him for medical disability reasons. The record of the Board's decision is dated October 7, 2014; notice to Mr. Johnson of the denial of his application for relief was dated October 15, 2014.

### C.    This Court's Review of the ABCMR's Decision

The court first considers whether the Board's October 7, 2014 decision was supported by substantial evidence. *Chambers*, 417 F.3d at 1227. This court's role is limited:

> (T)he traditional role of the court on review is to
> determine not whether the claimant was unfit for service
> at the time of his release but rather whether the finding
> of the Secretary . . . that the serviceman was fit was so
> arbitrary, capricious or unsupported by evidence as to be
> contrary to the applicable principles of law.

*de Cicco*, 677 F.2d at 70 (alterations in original) (citations and internal quotations omitted). Under this standard, the ABCMR's denial of Mr. Johnson's claim cannot be overturned because that decision is supported by substantial evidence in plaintiff's service record.

Plaintiff's service record shows that the Army's medical evaluation of Mr. Johnson did not find him in 1988 to be 30% disabled, the minimum disability required under the statute for a medical disability retirement, 10 U.S.C. § 1201(b)(3)(B), and there is substantial evidence within that record to support the ABCMR's decision to leave plaintiff's discharge unaltered. Not only did the Army's physical and mental examinations of Mr. Johnson in April 1988 find him fit for separation, AR at 640-43, 706, but subsequent medical problems experienced by Mr. Johnson in June 1988 merely produced temporary restrictions

7

on physical activities, not permanent disability ratings based on an evaluation of his ability to perform his job in the military. On this record, the types of ailments noted in Mr. Johnson's 1988 medical records are not grave enough to invalidate the Army's determination that Mr. Johnson was fit for duty and for separation at that time.

The court also finds that the Board's decision was not contrary to law, and was neither arbitrary nor capricious. Upon careful review, the court sees no error, either procedural or logical, in the ABCMR's denial of Mr. Johnson's military disability retirement claim. The Board examined the relevant evidence and discussed the regulatory framework for evaluating a service member's health problems which might merit a disability retirement. AR at 4-9, 11. The Board's analysis of the evidence was rational. The Board also noted that among the exhibits submitted by Mr. Johnson in 2013, in support of his claim, was a document which appeared to be an altered version of a document dated June 6, 1988 in his service record. *Id.* at 7. The Board rationally excluded this document as evidence of disability.[5] Under the standard of review applicable here, the ABCMR decision was neither arbitrary nor capricious, nor was it contrary to law.

### D.  Plaintiff's Arguments

The court has thoroughly considered all of plaintiff's substantive arguments related to his disability retirement benefits claim. The court turns first to Mr. Johnson's argument that the Army, in bad faith, altered his military records to defeat his claim. Plaintiff suggests that the Army's record of his service is suspect because certain of his credentials are missing and because the Army has "fabricated" documents. Pl.'s Mot. at 2. Defendant counters that the administrative record filed in this case contains no evidence of document falsification by the government. Def.'s Reply at 5-6. The government's arguments on this point are persuasive. Plaintiff's contention that the Army tried to "erase" evidence of disability in Mr. Johnson's service record, Pl.'s Mot. at 2, fails to overcome the presumption of regularity accorded the records provided to

---

[5] The government notes that there are two examples of documents submitted by Mr. Johnson to the ABCMR in 2013 which appear to have been altered to substantiate his claim for disability benefits. Def.'s Mot. at 9 (comparing AR at 646 to *id.* at 72); 17 n.14 (comparing AR at 723 with *id.* at 73).

8

this court by the Army. *E.g., Richey*, 322 F.3d at 1326. The court cannot agree with plaintiff that the records before the ABCMR and before this court contain an inaccurate service file.

Second, Mr. Johnson argues that his active duty medical records show that he was disabled in 1988. Pl.'s Mot. at 3-4. The court does not ignore or downplay the fact that Mr. Johnson had a number of medical interventions while he served in the Army. The issue before the court, however, is whether such evidence of medical treatment renders the Board's decision that Mr. Johnson was fit for duty and separation in 1988 arbitrary or capricious. It does not. When a service member experiences during active duty the initial and relatively mild symptoms of an illness that may become in later years a more serious health condition, medical treatment while in the service does not provide clearly convincing evidence of a disability so as to overcome a denial of military disability retirement benefits. *See, e.g., Boraiko v. United States*, 146 Ct. Cl. 814, 819 (1959) (holding that because "the nature and degree of the disease [at the time of discharge] must be considered in order to determine eligibility for retirement for physical disability, . . . we cannot say as a matter of law that the Air Force was arbitrary and capricious in denying plaintiff's claim [for disability retirement benefits]"). Thus, even if Mr. Johnson now suffers from disabling conditions that began to affect him while he was still in the Army, Mr. Johnson's service record does not contain clearly convincing evidence that he suffered from a serious disabling condition in 1988. Nor does the record show that plaintiff was unfit for duty or separation for disciplinary reasons in 1988. Mr. Johnson's medical records from 1980-88 do not persuade this court that the Board's denial of his disability retirement claim was in error.

Third, Mr. Johnson argues that he was eligible for disability retirement in 1988 because he was too sick at the time of his discharge to perform his regular duties.[6] Pl.'s Mot. at 7. A plaintiff seeking military disability retirement benefits, however, bears a substantial burden of proof to overcome a finding that he was fit for duty at the time of discharge:

> The issue before us is whether the Secretary's decision

---

[6] At his discharge hearing on November 3, 1988, Mr. Johnson testified that "I have never stopped performing my duties since [separation proceedings were initiated]." AR at 334.

> that plaintiff was physically fit to perform duties commensurate with his rank and office at the time of his release from service was so arbitrary and capricious as to constitute a violation of his legislative mandate. In order to establish that the Secretary's action was so arbitrary and capricious, plaintiff must discharge a very substantial burden of proof.

*de Cicco*, 677 F.2d at 71 (quoting *Johnston v. United States*, 157 Ct. Cl. 474, 478 (1962)). If there is conflicting evidence of the service member's fitness for duty, the court must affirm the denial of disability retirement benefits where there is substantial evidence that supports the Board's decision and the Board's decision has not been shown to be arbitrary or capricious. *Id.* at 72. Here, the documentary evidence of Mr. Johnson's medical treatment, physical examination and mental examination provides substantial evidence that Mr. Johnson was fit for duty in 1988 despite his health issues. Following precedent binding on this court, plaintiff has not met his substantial burden of proof and the ABCMR's decision survives review.

## CONCLUSION

Plaintiff's challenge to the denial of his disability retirement claim has not shown that the ABCMR's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion for Judgment on the Administrative Record, filed October 20, 2015, is **GRANTED**;

(2) Plaintiff's Cross-Motion for Judgment on the Administrative Record, filed November 17, 2015, is **DENIED**;

(3) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint with prejudice; and

(4) No costs.

LYNN J. BUSH
Senior Judge