# In the United States Court of Federal Claims

No. 14-1236 C

(Filed May 12, 2016)

FILED

MAY 1 2 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ANTONIO JOHNSON,              \*

                *Pro Se Plaintiff*,   \*    RCFC 59(b)(1); Untimely Motion for
                               \*    Reconsideration; Re-Arguing
      v.                  \*    Position Previously Rejected by the
                               \*    Court.
THE UNITED STATES,     \*

                *Defendant*.       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Now pending before the court is *pro se* plaintiff Antonio Johnson's motion for reconsideration, filed May 5, 2016, which cites Rule 59 of the Rules of the United States Court of Federal Claims (RCFC).[1] Plaintiff requests reconsideration of the court's "March 10, 2016 ruling in favor of defendant the United States and dismissing [Mr. Johnson's] complaint with prejudice." Pl.'s Rule 59 Mot. at 1. Also before the court are plaintiff's "Motion for Leave to File Motion under [RCFC] 60(b)(1),"[2] filed May 5, 2016, and plaintiff's Notice of Appeal, filed May 6, 2016. For the reasons stated below, Mr. Johnson's Rule 59 motion is denied but his motion for leave to file a Rule 60 motion is granted.

---

[1] Although plaintiff's motion is titled "Motion for Leave to File a Motion for Reconsideration under U.S. Ct. Cl. Rule 59(b)(2)," Pl.'s Rule 59 Mot. at 1, the motion presents plaintiff's arguments that dismissal of his complaint should be reconsidered. For this reason, the court deems plaintiff's motion filed May 5, 2016 to actually request reconsideration, rather than to merely request leave to file a motion to request reconsideration.

[2] Unlike plaintiff's Rule 59 motion, plaintiff's motion for leave to file a Rule 60 motion contains no argument on the merits of a Rule 60 motion and appears to be purely procedural in nature. *See supra* note 1.

## BACKGROUND

In a complaint filed December 24, 2014, Mr. Johnson focused his claims on his discharge from the United States Army on December 13, 1988. As a result of the government's jurisdictional challenge to that complaint, some of plaintiff's claims were dismissed by this court on August 20, 2015. *Johnson v. United States*, 123 Fed. Cl. 174 (2015) (*Johnson I*). Mr. Johnson's remaining claim for military disability retirement survived the government's motion to dismiss, however. *Id.* When the parties later cross-moved for judgment on the administrative record, the government's motion was granted and plaintiff's claim for military disability retirement was dismissed with prejudice. *Johnson v. United States*, 125 Fed. Cl. 575 (2016) (*Johnson II*). Judgment for the government was entered on March 10, 2016 and this case was closed.

## DISCUSSION

### I. Standard of Review

A motion for reconsideration is permitted under RCFC 59, which provides that such a motion may be granted for any reason for which a new trial has been granted in an action at law, or for which a rehearing has been granted in a suit in equity, in the courts of the United States. *See* RCFC 59(a)(1). The decision whether to grant reconsideration pursuant to RCFC 59 lies largely within the discretion of the court. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). However, a motion for reconsideration will be granted only upon a demonstration of a "'manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992) (*quoting Circle K Corp. v. United States*, 23 Cl. Ct. 659, 664-65 (1991)). The movant must show that: (a) an intervening change in the controlling law has occurred since the original decision; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice. *Id.*

### II. Analysis of Plaintiff's Motion for Reconsideration

#### A. The Motion for Reconsideration Is Untimely

Mr. Johnson appears to erroneously assume that in this court a plaintiff's motion for reconsideration may be filed within two years of an adverse judgment. *See* Pl.'s Rule 59 Mot. at 1 (referencing "the full allotted time of two years to file the motion for reconsideration"). Plaintiff mistakenly relies on RCFC 59(b)(2) for his motion, a provision which only applies when the government moves for reconsideration because "fraud, wrong, or injustice has been done *to the United States*." RCFC 59(a)(1)(C) (emphasis added); *see also* RCFC 59(b)(2) (limiting the two-year window for filing a motion for reconsideration to circumstances outlined in RCFC 59(a)(1)(C)). A plaintiff in this court has twenty-eight days within which to file a motion for reconsideration. RCFC 59(b)(1).

Because judgment was entered in this case on March 10, 2016, under RCFC 59 Mr. Johnson was required to file any motion for reconsideration no later than April 7, 2016. Plaintiff filed his Rule 59 motion almost one month after that deadline, on May 5, 2016. RCFC 6(b) states that the court "must not extend the time to act under RCFC . . . 59(b)." RCFC 6(b)(2). Accordingly, the motion now before the court is untimely and cannot be considered by the court. *Id.*

### B.   The Motion for Reconsideration Is Without Merit

Even if Mr. Johnson's Rule 59 motion had been filed within the required time frame, the court would have denied that motion because it lacks merit.[3] As noted above, plaintiff must demonstrate that: (a) an intervening change in the controlling law has occurred since the original decision; (b) evidence not previously available has become available; or (c) the motion is necessary to prevent manifest injustice. *See Bishop*, 26 Cl. Ct. at 286. Moreover, it is well settled that a motion for reconsideration may not be used simply as "an opportunity for a party to take a second bite at the apple by rearguing positions that have been rejected." *Shell Petroleum, Inc. v. United States*, 47 Fed. Cl. 812, 819 (2000) (citing *Stelco Holding v. United States*, 45 Fed. Cl. 541, 542 (2000)).

---

[3] Pursuant to RCFC 62.1(a)(2), this court may deny a timely motion for reconsideration or a motion for relief from a judgment even after a notice of appeal has been filed. *See, e.g., Harris v. United States*, 2013 WL 4123619, No. 13-19C (Fed. Cl. Aug. 12, 2013), *aff'd, Harris v. United States*, No. 2013-5119, slip op. (Fed. Cir. April 16, 2014).

Plaintiff has not identified any change in the controlling law since the court dismissed his claims. Similarly, plaintiff has not presented any new evidence that was not available when the parties briefed their cross-motions for judgment on the administrative record. Further, Mr. Johnson has not demonstrated that the denial of his motion would result in a manifest injustice, as discussed below. Instead, plaintiff's motion simply restates the allegation he made previously that the Army's records of his military service were inaccurate or incomplete.

In *Johnson II*, the court addressed plaintiff's argument that the Army's record of his military service was not complete or accurate:

> The court turns first to Mr. Johnson's argument that the Army, in bad faith, altered his military records to defeat his claim. Plaintiff suggests that the Army's record of his service is suspect because certain of his credentials are missing and because the Army has "fabricated" documents. Defendant counters that the administrative record filed in this case contains no evidence of document falsification by the government. The government's arguments on this point are persuasive. Plaintiff's contention that the Army tried to "erase" evidence of disability in Mr. Johnson's service record fails to overcome the presumption of regularity accorded the records provided to this court by the Army. *E.g.*, [*Richey v. United States*, 322 F.3d 1317, 1326 (Fed. Cir. 2003)]. The court cannot agree with plaintiff that the records before the [Army Board for Correction of Military Records (ABCMR)] and before this court contain an inaccurate service file.

125 Fed. Cl. at 580 (citations to filings omitted).

Mr. Johnson again argues in his Rule 59 motion that his military record has been falsified:

> [T]he facts prove[] the Government has made plaintiff medical record military a . . . manifest injustice by

4

> fabricating the record. The Government mailed plaintiff the fabricated medical records . . . . This court and ABCMR ha[ve] acknowledge[d] there exist conflicting materials.

Pl.'s Rule 59 Mot. at 2. This argument yet again fails to persuade the court. The only "conflicting" materials contained in the administrative record were considered by the court. These materials were actually two documents submitted by plaintiff to the ABCMR which appear to have been altered to support Mr. Johnson's claim that he suffered from a disabling condition or conditions in 1988. *Johnson II*, 125 Fed. Cl. at 579-80 & n.5.

The court finds no manifest injustice in the state of Mr. Johnson's military service file as represented in the administrative record filed in this case, or in the consideration of that record by the ABCMR or this court. Thus, even if Mr. Johnson's Rule 59 motion had been timely filed, it would have been denied on the merits. Plaintiff's Rule 59 motion must therefore be denied both because it was untimely and because it does not have merit.

### III. Plaintiff's Motion for Leave to File a Rule 60(b) Motion

Under RCFC 60(b), the court may relieve a party from a final judgment when one or more specified requirements have been met. The rules further provide that a motion for relief from a judgment under Rule 60(b) "must be made within a reasonable time – and for [RCFC 60(b)(1)-(3)] no more than a year after the entry of the judgment." RCFC 60(c)(1). If plaintiff files his Rule 60(b) motion within a "reasonable time" after March 10, 2016, it will be considered by the court. The court therefore grants plaintiff's motion for leave to file a motion under Rule 60(b) as long as it is filed within a reasonable time. Because plaintiff has an appeal pending before the United States Court of Appeals for the Federal Circuit, plaintiff should promptly file his Rule 60(b) motion.

### CONCLUSION

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's "Motion for Leave to File A Motion for Reconsideration

5

under U.S. Ct. Cl. Rule 59(b)(2)," filed May 5, 2016 and deemed to be Plaintiff's Rule 59 Motion, is **DENIED**; and

(2) Plaintiff's "Motion for Leave to File Motion under U.S. Ct. Cl. Rule 60(b)(1)," filed May 5, 2016, is **GRANTED** for the reasons stated in this order.

*/s/ Lynn J. Bush*
LYNN J. BUSH
Senior Judge